IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | |
|---|---|
| SUSAN NEESE, M.D., *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 2:21-cv-163-Z |
| XAVIER BECERRA, *et al.*, | |
| Defendants. | |

## RESPONSE TO PLAINTIFFS' NOTICE TO THE COURT

Defendants file this response to the Notice to the Court filed by Plaintiffs on April 4, 2022 ("Notice"). The Notice attaches a letter dated March 31, 2022, from Assistant Attorney General Kristen Clarke to state attorneys general (the "Letter"). The Letter summarized various constitutional provisions and statutory provisions concerning discrimination, including one paragraph on Section 1557 of the Affordable Care Act. Letter at 2-3. Plaintiffs make clear in their Notice that they do not seek to challenge the Letter. The Letter does not purport to create legally binding obligations, and states only that certain practices "may" violate Section 1557. *Id.* at 3. The Letter also does not indicate that the Department of Justice has initiated or plans to initiate any enforcement action against Plaintiffs.

The Letter does not undermine any of the reasons articulated in Defendants' Motion to Dismiss briefing that this Court lacks jurisdiction over the agency statement of policy that Plaintiffs do challenge—the Department of Health and Human Services' May 2021 Notification concerning *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020): (1) Plaintiffs lack standing because they have not shown an injury that is "imminent" or "certainly impending," *Clapper v. Amnesty Int'l*, 568 U.S. 398,

409 (2013); *see* Motion to Dismiss 7-13 (Mot.), Doc. No. 16, (2) Plaintiffs' challenge is not ripe because judicial review of any hypothetical future enforcement action would depend on factual development concerning contingent future events, Mot. 13-16, (3) and judicial review is unavailable under the Administrative Procedure Act because (a) HHS's nonbinding Notification concerning *Bostock* is not final agency action, Mot. 17-20, and (b) enforcement mechanisms under § 1557 and Title IX would provide an adequate opportunity for Plaintiffs to challenge the legality of any hypothetical future enforcement action, Mot. 20-23.

Dated: April 12, 2022                                  Respectfully submitted,

                                                       BRIAN M. BOYNTON
                                                       Principal Deputy Assistant Attorney General

                                                       MICHELLE R. BENNETT
                                                       Assistant Branch Director

                                                       */s/ Jeremy S.B. Newman*
                                                       Jeremy S.B. Newman (Mass. Bar No. 688968)
                                                       Trial Attorney
                                                       United States Department of Justice
                                                       Civil Division, Federal Programs Branch
                                                       1100 L Street N.W.
                                                       Washington, DC 20005
                                                       Tel: (202) 532-3114
                                                       Email: jeremy.s.newman@usdoj.gov

                                                       *Counsel for Defendants*