IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | |
|---|---|
| SUSAN NEESE, M.D., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, *et al.*, <br><br> Defendants. | Civil Action No. 2:21-cv-163-Z |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Xavier Becerra, in his official capacity as Secretary of Health and Human Services, and the United States of America (collectively, "Defendants"), hereby answer Plaintiffs' First Amended Complaint as follows:

The introductory paragraph of Plaintiffs' First Amended Complaint contains Plaintiffs' characterization of this action, argument, conclusions of law, and allegations that are restated elsewhere in Plaintiffs' First Amended Complaint. Thus, no response is required. To the extent a response is deemed necessary, Defendants incorporate their responses below to the numbered paragraphs in Plaintiffs' complaint.

1. This paragraph sets forth Plaintiff's legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

2. This paragraph sets forth Plaintiffs' legal conclusions, to which no response is required.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

6. The first two sentences of this paragraph are admitted. The third sentence of this paragraph consists of Plaintiff's characterization of his claims, to which no response is required.

7. Admitted.

8. This paragraph contains Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

9. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of the Affordable Care Act, to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

10. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020) ("*Bostock*"), to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of *Bostock*, which speaks for itself, and respectfully refer the Court to that decision for a complete and accurate statement of its contents.

11. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of *Bostock*, to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of *Bostock*, which speaks for itself, and respectfully refer the Court to that decision for a complete and accurate statement of its contents.

12. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of *Bostock*, to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of *Bostock*, which speaks for itself, and respectfully refer the Court to that decision for a complete and accurate statement of its contents.

13. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of *Bostock*, to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of *Bostock*, which speaks for itself, and respectfully refer the Court to that decision for a complete and accurate statement of its contents.

14. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of *Bostock*, to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of *Bostock*, which speaks for itself, and respectfully refer the Court to that decision for a complete and accurate statement of its contents.

15. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of *Bostock*, to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of *Bostock*, which speaks for itself, and respectfully refer the Court to that decision for a complete and accurate statement of its contents.

16. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of the *Notification of Interpretation and Enforcement of Section 1557 of the Affordable Care Act and Title IX of the Education Amendments of 1972* ("Notification"), to which no response is required. To the extent a response is deemed necessary, Defendants deny any

characterization of the Notification, and respectfully refer the Court to the Notification for a complete and accurate statement of its contents.

17. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of *Bostock*, to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of *Bostock*, which speaks for itself, and respectfully refer the Court to that decision for a complete and accurate statement of its contents.

18. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of *Bostock*, to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of *Bostock*, which speaks for itself, and respectfully refer the Court to that decision for a complete and accurate statement of its contents.

19. This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

20. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of *Bostock* and the Notification, to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of *Bostock* or the Notification, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.

21. The statement that Baptist Saint Anthony's Hospital is subject to section 1557 is a legal conclusion to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26. The statement that Amarillo Pathology Group is subject to section 1557 is a legal conclusion to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

30. The statement that Dr. Barke's practice is subject to section 1557 is a legal conclusion to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

34. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of the Notification, to which no response is required. To the extent a

response is deemed necessary, Defendants deny any characterization of the Notification, and respectfully refer the Court to the Notification for a complete and accurate statement of its contents. To the extent any further response is required, the allegations in this paragraph are denied.

35. This paragraph contains Plaintiffs' legal conclusions, to which no response is required, and Plaintiffs' characterization of *United States v. Mead Corp.*, 533 U.S. 218 (2001), to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of *Mead*, which speaks for itself, and respectfully refer the Court to that decision for a complete and accurate statement of its contents.

36. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

37. This paragraph contains a characterization of the rule under which Plaintiffs purport to bring this action as a class action, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to bring this action as a class action under Rule 23(b)(2).

38. This paragraph contains a characterization of the putative class that Plaintiffs seek to represent, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to represent the putative class.

39. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

40. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

41. This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

42.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

43.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

44.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

45.     This paragraph contains a characterization of the relief that Plaintiffs seek, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought in this paragraph, or any other relief.

46.     This paragraph contains a statement of the statutes under which Plaintiffs purport to bring this claim, to which no response is required.

47.     This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

48.     This paragraph contains a characterization of the relief that Plaintiffs seek, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought in this paragraph, or any other relief.

49.     This paragraph contains a statement of the statute under which Plaintiffs purports to bring this claim, to which no response is required.

50.     This paragraph contains a characterization of the relief that Plaintiffs seek, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought in this paragraph, or any other relief.

## **DEFENSES**

1.     The Court lacks subject matter jurisdiction.

2.     The Notification is not reviewable under the Administrative Procedure Act.

3. Plaintiffs fail to state a claim for which relief can be granted.

4. The Notification is in accordance with law.

5. Plaintiffs are not entitled to a declaratory judgment.

6. Class certification should be denied.

Dated: May 10, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

/s/ Jeremy S.B. Newman
Jeremy S.B. Newman (Mass. Bar No. 688968)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, DC 20005
Tel: (202) 532-3114
Email: jeremy.s.newman@usdoj.gov

*Counsel for Defendants*