UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| **Susan Neese, M.D**; **James Hurly, M.D.**; and **Jeffrey Barke, M.D.**, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Xavier Becerra**, in his official capacity as Secretary of Health and Human Services; **United States of America**,<br><br>Defendants. | Case No. 2:21-cv-00163-Z |

**JOINT PROPOSED SCHEDULING ORDER**

In accordance with the Court's order of February 8, 2022 (ECF No. 22), the parties jointly and respectfully submit this proposed scheduling order for the Court's consideration.

1. **Description of the Nature of the Case**

The Secretary of Health and Human Services has announced that the Department of Health and Human Services will interpret section 1557 of the Affordable Care Act to prohibit "discrimination on the basis of sexual orientation" and "discrimination on the basis of gender identity." The plaintiffs contend that this interpretation of section 1557 is incompatible with the statutory text and the Supreme Court's decision in *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020). The defendants contend that the Secretary's announced interpretation of section 1557 is consistent with the statutory text and *Bostock*.

The plaintiffs have brought a putative class action on behalf of all health-care providers subject to section 1557 of the Affordable Care Act, and they are asserting

claims under the Administrative Procedure Act and the Declaratory Judgment Act. And they are seeking: (1) A declaratory judgment that section 1557 does not prohibit discrimination on account of sexual orientation and gender identity, but only "sex" discrimination, and that the statutory prohibition on "sex" discrimination applies only when a provider would have acted differently toward an identically situated member of the opposite biological sex; (2) An injunction that restrains the Secretary from enforcing his announced interpretation of section 1557; and (3) A remedy that "holds unlawful and sets aside" the Secretary's announced interpretation of section 1557. Defendants dispute that Plaintiffs are entitled to any relief.

2. **The Basis for This Court's Jurisdiction**

Plaintiffs have invoked the Court's subject-matter jurisdiction based on 28 U.S.C. § 1331, as the case arises under federal law. Defendants contest jurisdiction on the grounds that plaintiffs lack Article III standing, their challenge is not ripe, and they fail to challenge a final agency action for which no other adequate remedy is available. Although the Court declined to dismiss the case on these grounds, Defendants anticipate renewing their challenge to this Court's jurisdiction at the summary judgment stage.

3. **Likelihood That Other Parties Will Be Joined**

The plaintiffs and defendants do not expect to add additional parties.

4. **Proposed Deadlines**

   a. **To join other parties**: June 1, 2022
   b. The plaintiffs will not be using expert witnesses.
   c. The plaintiffs will not be using expert witnesses.
   d. The defendants will not be using expert witnesses.
   e. The defendants will not be using expert witnesses.
   f. The parties will not be using expert witnesses.
   g. The parties will not be using expert witnesses.
   h. **To amend the pleadings**: June 1, 2022
   i. **To mediate the case**: June 1, 2022. However, the parties do not intend to mediate the case.

j. **To complete discovery**: November 1, 2022
k. **To file dispositive motions**: The parties propose that briefing on summary judgment should occur simultaneously with the briefing on class certification. Plaintiffs will file their motions for class certification and summary judgment on November 1, 2022. Defendants will file an opposition to class certification and summary judgment, along with any cross-motion for summary judgment, on December 13, 2022. Plaintiffs will file their reply briefs in support of class certification and summary judgment, and any opposition to the defendants' cross-motion for summary judgment, on January 24, 2023. Defendants will file their reply brief in support of their cross-motion for summary judgment, if any, on February 14, 2023.
l. **To file other motions except motions in limine**: For plaintiffs' motion for class certification, see above. The deadline for other motions will be April 3, 2023.
m. **To file Rule 26(a)(3) disclosures:** April 3, 2023. However, the parties believe that this case is exceedingly unlikely to go to trial because the issues (except Article III standing and class certification) present pure questions of law.

5. **Rule 26(f)(3) issues:**

(A) The parties have agreed to waive initial disclosures.

(B) The plaintiffs do not intend to take discovery from the defendants. The defendants' discovery from the plaintiffs will be limited to issues of standing and class certification.

(C) There are no issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

(D) There may be possible issues that arise in discovery regarding the attorney–client privilege and doctor–patient privilege, but the parties will handle those issues as they come up.

(E) The are no changes that should be made in the limitations on discovery imposed under these rules or by local rule, and no other limitations should be imposed.

(F) There are no other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**6.** **Remaining Issues**.

   **a.** The disputed issues in this case (apart from Article III standing and class certification) present pure questions of law, so the case is unlikely to settle.

   **b.** The "ready for trial date" is May 1, 2023. This case is exceedingly unlikely to go to trial because the issues (except as noted above) present pure questions of law.

   **c.** The plaintiffs had the local counsel required by Local Rule 83.10(a) since the initial complaint was filed. Pursuant to Local Rule 83.11, Defendants are exempt from the local counsel requirement. Also, local counsel for Defendants appeared on November 3, 2021.

   **d.** The plaintiffs filed their certificate of interested persons on August 30, 2021. The defendants filed theirs on November 2, 2021.

Respectfully submitted.

| | |
|---|---|
| /s/ Jonathan F. Mitchell | /s/ Jeremy S.B. Newman |
| JONATHAN F. MITCHELL | JEREMY S.B. NEWMAN |
| Texas Bar No. 24075463 | United States Department of Justice |
| Mitchell Law PLLC | Civil Division, Federal Programs Branch |
| 111 Congress Avenue, Suite 400 | 1100 L Street N.W. |
| Austin, Texas 78701 | Washington, DC 20005 |
| (512) 686-3940 (phone) | (202) 532-3114 (phone) |
| (512) 686-3941 (fax) | (202) 616-8460 (fax) |
| jonathan@mitchell.law | jeremy.s.newman@usdoj.gov |
| | |
| *Counsel for Plaintiffs and the Proposed Classes* | *Counsel for the Defendants* |

Dated: May 10, 2022

## CERTIFICATE OF SERVICE

    I certify that on May 10, 2022, I served this document through CM/ECF upon:

JEREMY S.B. NEWMAN
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, DC 20005
(202) 532-3114 (phone)
(202) 616-8460 (fax)
jeremy.s.newman@usdoj.gov

*Counsel for the Defendants*

                                         /s/ Jonathan F. Mitchell
                                        JONATHAN F. MITCHELL
                                        *Counsel for Plaintiffs and*
                                        *the Proposed Classes*