IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SUSAN NEESE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:21-CV-163-Z |
| | § | |
| XAVIER BECERRA, in his official | § | |
| capacity as the Secretary of the United | § | |
| States Department of Health and Human | § | |
| Services, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## AMENDED SCHEDULING ORDER

### SUMMARY OF CRITICAL DEADLINES AND DATES

| | |
|---|---|
| Joinder of Parties | May 27, 2022 |
| Amendment of Pleadings | May 27, 2022 |
| Completion of Discovery – Including Affidavits and Other Materials | July 29, 2022 |
| Plaintiffs' Motions for Class Certification and Summary Judgment | August 5, 2022 |
| Defendants' Opposition to Class Certification and Summary Judgment | August 26, 2022 |
| Defendants' Cross-Motion for Summary Judgment | August 26, 2022 |
| Plaintiffs' Reply Brief in Support of Class Certification | September 9, 2022 |
| Plaintiffs' Reply Brief in Support of Summary Judgment & Opposition to Defendants' Cross-Motion for Summary Judgment | September 16, 2022 |
| Defendants' Reply Brief in Support of Cross-Motion for Summary Judgment | September 30, 2022 |

### SCHEDULING INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 16(b) and the local rules of this Court (except

as modified herein), the Court, having considered the Joint Proposed Scheduling Order ("JPSO")

(ECF No. 34) submitted by the parties, finds that the following schedule should govern the disposition of this case. Unless otherwise ordered or modified by this order, all limitations and requirements of the Federal Rules of Civil Procedure and this Court's local rules must be observed. Based on the information contained in the JPSO, the Court will not set a trial date until after it resolves the motions listed on page 1.

### 1. Joinder of Parties

By **May 27, 2022**, all motions requesting joinder of additional parties shall be filed.

### 2. Amendment of Pleadings

By **May 27, 2022**, amendments of pleadings shall be filed. Motions for leave to amend need not be filed so long as the amendment is filed within the deadline set in this paragraph. Parties are permitted one amendment before leave of court is required. To the amended complaint, the amending party shall attach a redlined version of the complaint specifying any changes. After the date specified in this paragraph, a party may only amend the pleadings by leave of court upon a showing of good cause. The deadline to file a response to an amended pleading is 21 days after the date the amended pleading is served, notwithstanding expiration of the amended-pleading deadline.

### 3. Dispositive Motions

All motions that would dispose of all or any part of this case, including motions for summary judgment, shall be **governed by the dates set forth on page 1**. Any dispositive motion must be accompanied by or incorporate a brief, and the motion and the brief may not together exceed 50 pages in length, excluding any table of contents and table of authorities. *See* N.D. Tex. Rs. 56.3, 56.5(b). The party filing a dispositive motion must — in a separate section at the beginning of the brief — identify the live pleadings for each party who has appeared in the action

and specify the name of each pleading, the date it was filed, and the pleadings' document numbers on the Court's docket. Neither a dispositive motion nor the brief in support may be combined in one document with a party's answer. If a dispositive motion becomes moot for any reason, such as the filing of an amended complaint or settlement, the moving party must notify the Court within **three business days**.

A. *Dispositive Motion Evidence*

The Court reminds parties of the transition from a Federal Rule of Civil Procedure 12 standard of review to a Rule 56 standard of review at the summary-judgment stage. **On or before July 29, 2022**, parties should obtain any affidavits, depositions, written discovery materials, or other summary-judgment evidence they wish to include alongside their motions.

Any affidavits, depositions, written discovery materials, or other summary-judgment evidence must be included in a separate appendix. The appendix must be numbered sequentially from the first page through the last and include an index of all documents included. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. Tex. R. 56.6. The moving party must bracket in the margin of each document in the appendix the portions of the document on which the movant relies, and, when citing record materials in its brief, the moving party must support each assertion by citing each relevant page of its appendix.

B. *Number of Dispositive Motions*

No party may file more than one motion for summary judgment without leave of court. *See* N.D. Tex. R. 56.2(B). Except as provided in the Court's briefing order, no supplemental pleadings, briefs, summary-judgment evidence, or other documents will be allowed in connection with the motion for summary judgment or response without leave of court. *See* N.D. Tex. R. 56.7.

3

**4. Completion of Discovery**

By **July 29, 2022**, all discovery shall be completed. The Court expects the parties to work in good faith to resolve discovery disputes.

A. *Motion to Compel Discovery or Protective Order*

Any motion to compel discovery or for a protective order must be filed by 15 days after the discovery response at issue was served or due to be served. Any other motions that are related to discovery but do not seek to compel or avoid as-of-yet uncompleted depositions, service of discovery responses, or production of documents or electronically stored information (ESI) must be filed by 15 days after the discovery response at issue was served or due to be served.

B. *Motion to Quash or Protective Order Relating to Deposition*

Any motion to quash or for protective order relating to a deposition that is filed less than five business days before the scheduled or noticed date of the deposition will be summarily denied unless, on proper motion, the Court grants leave for the motion to be filed based on a showing of extraordinary or extenuating circumstances that prevented the requested relief from being presented to the Court at an earlier date.

C. *Attorney-Client Privilege and Work-Product Protection*

Further, in accordance with Federal Rule of Evidence 502(d), any attorney-client privilege or work-product protection will not be waived by disclosure in connection with this case, and the production of privileged or work-product protected documents, ESI, or information — whether inadvertent or otherwise — is not a waiver of the privilege or work-product protection in this case or in any other federal or state proceeding. This order will be interpreted to provide the maximum protection allowed by Rule 502(d), but nothing contained in this order is intended to or will serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata)

4

for relevance, responsiveness, and segregation of privileged and protected information before production.

Under Rule 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

### 5. Modification of the Scheduling Order

This order shall control the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court. FED. R. CIV. P. 16(b)(4). Conclusory statements will not suffice to show good cause — even if the motion is agreed or unopposed.

### 6. Compliance with this Order

Counsel and the parties are expected to comply fully with this order. Failure to comply will cause the Court to consider the entire range of sanctions available.

**SO ORDERED**.

May 16, 2022

_____

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

5