IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

SUSAN NEESE, M.D., et al.,

*Plaintiffs,*

v.

XAVIER BECERRA, et al.

*Defendants.*

Case No. 2:21-cv-00163-Z

## UNOPPOSED MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF OF THREE FEMALE ATHLETES IN SUPPORT OF PLAINTIFFS

Three female athletes from several states, including Texas, seek leave to file the accompanying Brief of Amici Curiae (attached as Exhibit 1) in support of Plaintiffs' motion for summary judgment. Plaintiffs and Defendants do not oppose this motion.

Local Rule 7.2(b) governs this Court's process for accepting amicus briefs. First, this Court must grant leave for an amicus party to file a brief. LR 7.2(b). And courts "enjoy broad discretion to grant or deny leave to amici." *Lefebure v. D'Aquilla*, 15 F.4th 670, 673 (5th Cir. 2021); *Richardson v. Flores*, 979 F.3d 1102, 1106 (5th Cir. 2020) ("granting leave to file an amici brief is within [the court's] discretion."). Second, an amicus brief must "specifically set forth the interest" of the party in the outcome of the litigation. LR 7.2(b). The Fifth Circuit only requires parties to state their interest in the case, coupled with "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." *Lefebure*, 15 F.4th at 673 (quoting Fed. R. App. P. 29(a)(3)). Given this minimal threshold, this Court has granted motions for leave to file amicus briefs for many parties in the past. *See, e.g., City of Dallas v. Hall*, Civ. A. Nos. 3:07-CV-0060, 3:07-CV-0213, 2008

1

WL 2622809, at *3 (N.D. Tex. June 30, 2008), *aff'd*, 562 F.3d 712 (5th Cir. 2009); *Texas v. United States*, Civ. A. No. 7:16-cv-00054, 2016 WL 9307614, at *1 (N.D. Tex. July 28, 2016); *In re Allied Pilots Class Action Litig.*, No. Civ. A. 3:99-cv-0480P, 2000 WL 1405235, at *1 (N.D. Tex. Sept. 26, 2000).

Here, amici curiae have a sufficient interest in this case to justify their request. Amici curiae are all collegiate athletes who compete in cross-country, track, or soccer and have benefited from women's-only sports.  They want to ensure that future female athletes have the same opportunities to compete, win, and reap the benefits of athletic competition. Two of the athletes have competed against biological males participating in the women's category too and are dedicated to seeing that courts correctly interpret Title IX's anti-discrimination provisions to protect fair competition for female athletes. These two women have also participated in lawsuits across the country—as parties or as amici curiae—to defend women's-only sports. *See Soule ex rel. Stanescu v. Conn. Ass'n of Schs., Inc.*, Case No. 3:20-cv-00201 (RNC), 2021 WL 1617206 (D. Conn. April 25, 2021), *appeal docketed*, No. 21-1365 (2d Cir. May 26, 2021); *Hecox v. Little*, 479 F. Supp. 3d 930 (D. Idaho 2020), *appeal docketed*, No. 20-35815 (9th Cir. Sept. 17, 2020). And the other female athlete competes at a Texas university and wants to maintain her ability to compete on a fair playing field.

The amici curiae have an interest in the outcome of this case. Secretary Xavier Becerra interprets § 1557 of the Affordable Care Act to prohibit sexual orientation and gender identity discrimination according to *Bostock v. Clayton County*. 140 S. Ct. 1731 (2020). Because § 1557 incorporates Title IX's anti-discrimination provisions, the Secretary's interpretation is that *Bostock* applies to Title IX. So the Secretary believes that Title IX also prohibits sexual orientation and gender identity discrimination, which has a direct impact on women's-only sports and the opportunities available to female athletes. Therefore, amici curiae

have a strong interest in seeing that Title IX is interpreted correctly according to its original and ordinary meaning prohibiting discrimination according to biological sex.

What's more, the athletes' proposed brief will "assist[] the judge by presenting aspects of ideas, arguments, theories, facts or data that are not in the parties' briefs." *United States v. Holy Land Found. for Relief & Dev.*, CRIM. NO. 3:04-CR-0240, 2009 WL 10680203, at *2 (N.D. Tex. July 1, 2009), rev'd in part, 624 F.3d 685 (5th Cir. 2010). The proposed brief raises new legal arguments and factual considerations. It surveys different reasons for rejecting the Secretary's interpretation of § 1557 and his attempt to apply *Bostock* to Title IX. The proposed brief discusses women's sports and shares the dangers of opening women's spaces to biological males by reinterpreting sex to include gender identity. The female athletes' brief will provide the Court with a "unique" array of evidence and support to "help the court beyond the help that the lawyers for the parties are able to provide." *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012).

All proposed amici are female athletes who offer a unique perspective on how the reinterpretation of "sex" will affect biological females. They ask that this Court grant their motion for leave to file their amicus brief.

Respectfully submitted this 5th day of August, 2022.

/s/ Christopher D. Stewart
Christopher D. Stewart, TX Bar No. 24013569
Burdett Morgan & Williamson
500 S. Taylor, Suite 900
Amarillo, TX 79101
(806) 358-8116
(806) 350-7642 Fax
cstweart@bmwb-law.com

Jonathan A. Scruggs, AZ Bar No. 030505*
Alliance Defending Freedom

15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 Fax
jscruggs@adflegal.org

Johannes S. Widmalm-Delphonse, MN Bar
No. 396303**
Rachel A. Csutoros, MA Bar No. 706225*
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, VA 20176
(571) 707-2119
(571) 707-4790 Fax
jwidmalmdelphonse@adflegal.org
rcsutoros@adflegal.org


*PHV Motions filed contemporaneously
**PHV Motion forthcoming
Attorneys for proposed Amici Curiae

### CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2022, I electronically filed a true and exact copy of this document with the Clerk of Court and all parties using the CM/ECF system.

*/s/ Christopher Stewart*
Christopher Stewart, TX Bar No. 24013569

*Attorney for proposed Amici Curiae*

5