UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| **Susan Neese, M.D** and **James Hurly, M.D.**, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Xavier Becerra**, in his official capacity as Secretary of Health and Human Services; **United States of America**,<br><br>Defendants. | Case No. 2:21-cv-00163-Z |

**BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

## TABLE OF CONTENTS

Table of contents .................................................................................................. i

Table of authorities ............................................................................................. ii

    I.   The Court should certify the proposed class under Rule 23(b)(2) ................ 1

        A.  The proposed class is so numerous that joinder of all members is impractical .......................................................................................... 1

        B.  There are questions of law or fact common to the members of the class ................................................................................................... 2

        C.  The plaintiffs' claims are typical of the claims of the class ........................ 3

        D.  The plaintiffs will fairly and adequately protect the interests of the class ................................................................................................... 3

        E.  The plaintiffs' proposed class satisfy Rule 23(b)(2) ................................. 5

    II.  Remaining issues ................................................................................... 6

Conclusion ........................................................................................................ 6

Certificate of service .......................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*In re Deepwater Horizon*, 739 F.3d 790, 812 (5th Cir. 2014) .................................. 3

*In re Nat'l Football League Players Concussion Injury Litig.*,
   821 F.3d 410, 426 (3d Cir. 2016) ..................................................................... 1

*J.D. v Azar*, 925 F.3d 1291 (D.C. Cir. 2019) ...................................................... 4, 5

*James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001) .................................... 3

*M.D. v. Perry*, 675 F.3d 832 (5th Cir. 2012) ..................................................... 3, 5

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ...................................... 2, 3, 5

**Rules**

Fed. R. Civ. P. 23(b)(2) ....................................................................................... 5

Local Civil Rule 23.2(b)(3) ................................................................................... 1

Local Rule 23.2(b)(1) ........................................................................................... 2

Local Rule 23.2(d) ............................................................................................... 6

Local Rule 23.2(e) ............................................................................................... 6

Local Rule 23.2(f) ................................................................................................ 6

Local Rule 23.2(g) ............................................................................................... 6

Plaintiffs Susan Neese and James Hurly respectfully move to certify a class of all health-care providers subject to section 1557 of the Affordable Care Act.

The common characteristics of these class members are that they are all health-care providers, and they are all subject to section 1557 of the Affordable Care Act because they receive federal funds. *See* Local Rule 23.2(b)(3). The distinguishing characteristics are that the class members hold different jobs in the health-care profession, practice different areas of medicine, and hold differing views on the appropriate and ethical responses to patients suffering from gender dysphoria. *See id.*

## I. The Court Should Certify the Proposed Class Under Rule 23(b)(2)

A party that moves for class certification must satisfy each requirement of Rule 23(a) and at least one subdivision in Rule 23(b). The proposed class meets each of these requirements.

### A. The Proposed Class Is So Numerous That Joinder Of All Members Is Impractical

The number of health-care providers subject to section 1557 easily exceeds the numerosity threshold. *See In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 426 (3d Cir. 2016) ("[N]umerosity is generally satisfied if there are more than 40 class members."). Any health-care provider that participates in a federally funded health-care program such as Medicare, Medicaid, or CHIP is covered by section 1557's anti-discrimination provisions. According to the March 2022 version of the Centers for Medicare & Medicaid Services Fast Facts, which is available for download from CMS's website,[1] there are more than 1.4 providers in Medicare alone. *See* Exhibit 1, at p. 15.

---

1. *See* https://www.cms.gov/Research-Statistics-Data-and-Systems/Statistics-Trends-and-Reports/CMS-Fast-Facts (last visited on August 5, 2022).

The local rules of this Court require us to provide the "approximate number of class members." Local Rule 23.2(b)(1). Based on the data discussed above, the plaintiffs estimate that the proposed class of health-care providers subject to section 1557 easily exceeds 1 million.

### B. There Are Questions of Law or Fact Common to The Members of The Class

The plaintiffs are litigating at least two questions of law common to all members of the class. The first is whether Secretary Becerra's interpretation of section 1557 is consistent with the statutory definition of "sex" discrimination, as construed by the Supreme Court in *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020). The second is the extent to which section 1557's prohibition on "sex" discrimination compels health-care providers to provide "gender-affirming care" to patients suffering from gender dysphoria.

These questions affect all class members because Secretary Becerra has announced that every health-care provider subject to section 1557 must refrain from "discrimination on the basis of gender identity." Yet his notification of May 10, 2021, refuses to specify or explain the extent to which health-care providers must accommodate the requests of patients with gender dysphoria. This leaves all class members in a state of uncertainty over their legal obligations under section 1557, and the plaintiffs seek declaratory relief to clarify how the statutory prohibition on "sex" discrimination applies to the treatment of transgender patients. Each class member is "suffer[ing] the same injury" from the legal uncertainty created by Secretary Becerra's notification of May 10, 2021, and that is all that needed to satisfy Rule 23(a)(2)'s commonality requirement. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *East Texas Motor Freight Systems, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)); *see also Wal-Mart*, 564 U.S. at 360 ("[E]ven a single [common] question will do." (citation and internal quotation marks omitted)); *In re Deepwater Horizon*, 739 F.3d 790, 812

(5th Cir. 2014) (same). And a ruling on these issues "will resolve an issue that is central to the validity of each one of the claims in one stroke,"[2] as the requested declaratory relief will provide the clarity that each class member needs to determine how they must respond to transgender patients in a manner consistent with federal law.

### C. The Plaintiffs' Claims Are Typical of The Claims of The Class

The plaintiffs' claims are more than typical: they are precisely the same as those of all members of the proposed class. The plaintiffs are requesting a declaratory judgment that defines the scope of the class members' legal obligations under section 1557's prohibition on "sex" discrimination, as well as a ruling that "sets aside" Secretary Becerra's notification of of May 10, 2021, under section 706 of the APA. *See James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001) ("[T]he test for typicality is not demanding. It focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." (citations and quotation marks omitted)); *id.* ("[T]he critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." (citations and quotation marks omitted)); *see also Wal-Mart*, 564 U.S. at 350 n.5 ("[T]he commonality and typicality requirements of Rule 23(a) tend to merge." (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157–58 n.13 (1982)).

### D. The Plaintiffs Will Fairly and Adequately Protect the Interests of The Class

The plaintiffs will fairly and adequately represent the interests of their fellow class members, and there are no conflicts of interest between the plaintiffs and the other members of this class. No member of the class can be harmed or made worse off by a

---

2. *Wal-Mart*, 564 U.S. at 350; *see also M.D. v. Perry*, 675 F.3d 832, 840 (5th Cir. 2012).

ruling that gives them the *option* to treat transgender patients or patients with gender dysphoria in manner consistent with their ethical beliefs. That remains the case even though there are class members who support Secretary Becerra's notification and disagree with Dr. Neese and Dr. Hurly on the proper response to patients with gender dysphoria. The relief requested will preserve the rights of those health-providers to continue following Secretary Becerra's interpretations of section 1557 if they choose to do so, even if the Court "sets aside" the Secretary's guidance documents. And a health-care provider has no legally cognizable interest in seeing another provider punished with loss of federal funds for failing to comply with Secretary Becerra's edicts. *See Allen v. Wright*, 468 U.S. 737 (1984); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.

The situation is no different from the class certified in *J.D. v. Azar*, 925 F.3d 1291, 1313 (D.C. Cir. 2019). The plaintiffs in *J.D.* had challenged a federal policy that denied abortion access to unaccompanied minors detained by the government, and sought to certify a class of *all* pregnant unaccompanied minors in federal custody. *Id*. at 1305. The district court certified the class, and the court of appeals affirmed—even though the class included minors who had no desire for an abortion, as well as minors who strongly opposed abortion for ideological, religious, or moral reasons. The Court explained that the class members suffered a common injury by being denied a *choice* in whether to have an abortion, even though many class members would never have exercised that choice had it been available:

> The constitutional right asserted by the class is a woman's "right to choose to terminate her pregnancy" before viability. The class members all assert a common entitlement to make that choice on their own, free from any veto power retained (unconstitutionally, the class says) by ORR. And on the plaintiffs' theory, they are all denied the right to terminate their pregnancies by a veto power that effectively supersedes it. The class representatives are suited to press that interest on the class's

behalf, even if various class members might make varying ultimate decisions about how to exercise their choice.

*Id.* at 1313 (citation omitted). So too here. The plaintiffs are asserting the right of every health-care provider to choose whether to follow Secretary Becerra's purported interpretations of section 1557, and the class members are suffering the "same injury" because they are being denied that choice.

### E. The Plaintiffs' Proposed Class Satisfy Rule 23(b)(2)

The final criterion for class certification under Rule 23(b)(2) is that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The Supreme Court has held that this requirement is satisfied "when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart*, 564 U.S. at 360; *see also id.* at 361–62 ("[T]he relief sought must perforce affect the entire class at once . . . ."). That is precisely what the plaintiffs are requesting: a single declaratory judgment that section 1557 does not prohibit discrimination on account of sexual orientation and gender identity, as Secretary Becerra asserts, but that it prohibits only "sex" discrimination, which means that the provider would have acted differently toward an identically situated member of the opposite biological sex. *See* First Amended Complaint, ECF No. ¶¶ 48, 50(d). No one is seeking individualized relief for any class member or for any subset of the class. *Compare with M.D.*, 675 F.3d at 845 (disapproving class certification under Rule 23(b)(2) when individualized relief was sought).

In addition, the defendant agencies are "act[ing] . . . on grounds that apply generally to the class," because section 1557 and Secretary Becerra's notification of May 10, 2021, apply to each of the class members.

## II. Remaining Issues

The parties have already conducted class discovery and Dr. Neese and Dr. Hurly have each sat for depositions. *See* Local Rule 23.2(f). The plaintiff's attorneys are self-financing this litigation. *See* Local Rule 23.2(g). The remaining information required by Local Rule 23.2 is inapplicable because certification is sought solely under Rule 23(b)(2) and the plaintiffs are not seeking damages or monetary relief, so notice need not be given to absent class members. *See* Local Rule 23.2(e). In addition, this is not a diversity action, so there is no need to determine a jurisdictional amount. *See* Local Rule 23.2(d).

## CONCLUSION

The motion for class certification should be granted.

Respectfully submitted.

Gene P. Hamilton
Virginia Bar No. 80434
Vice-President and General Counsel
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721 (phone)
gene.hamilton@aflegal.org


Dated: August 5, 2022

 */s/* Jonathan F. Mitchell
Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

    I certify that on August 5, 2022, I served this document through CM/ECF upon:

JEREMY S.B. NEWMAN
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, DC 20005
(202) 532-3114 (phone)
(202) 616-8460 (fax)
jeremy.s.newman@usdoj.gov

*Counsel for Defendants*

                                        /s/ Jonathan F. Mitchell
                                        JONATHAN F. MITCHELL
                                        *Counsel for Plaintiffs and*
                                        *the Proposed Class*